Reese, J.
delivered the opinion of the court.
The 39th section of the criminal code, among other things, enacts, that “no person shall fraudulently make, mend or prepare or use, or assist, or be concerned in making, mending, preparing or using any machine or instrument, intended for the forging, counterfeiting or adulterating any coin which may be current in this State, either by law or usage. No person shall fraudulently keep in possession or conceal, or assist in concealing any such machine or instrument.”
The prisoner was indicted and convicted in the circuit court of Franklin, on the latter clause above quoted.
The count of the indictment upon which he was convicted, charges that “the prisoner did feloniously and fraudulently, and without any lawful excuse, keep in his possession a machine, which said machine was then and there intended by the prisoner for the forging and counterfeiting the coin current by law and usage in the State of Tennessee, and the United States, contrary,” &c.
It has been argued for the prisoner, in arrest of judgment, that the indictment is defective, in not alledging more specifically the nature of the machine, especially in not setting forth particularly the description of coin which the machine was intended to counterfeit. In the case of Peek vs. The State, 2 Humphreys, in an indictment for passing counterfeit coin, the indictment al-ledged the species of coin to be dollars, without an account of whether the dollar passed was American, Spanish or Mexican,. and this was held to be sufficient. But it is said that case itself *371 is an authority to show that in this case, the indictment ought to have stated, whether the machine was adapted to the forging and counterfeiting of dollars, or half dollars, or quarters of dollars, &c. We do not think the analogy applies.
The gravamen of the offence here, is for fraudulently keeping machinery and instruments intended for the forging the current coin. Such a degree of certainty, indeed, in an indictment is necessary, as shall inform the prisoner of the nature of the of-fence, and identify the criminal transaction imputed. But it is not necessary in general, and can serve no purpose but to facilitate the escape of offenders, to amplify and encumber the charge, by circumstantial detail, and minute description. It is true that - in some instances, the statutory creation of offences is comprised in terms so general, that the offence cannot be sufficiently charged in the words of the statute, and withoutlnore; in such cases, to attain requisite certainty, there must be added the necessary circumstances of description. We are not prepared to say, however, that this is one of those cases, even if it stood upon the 39th section of the act of IS29, ch. 23. But the legislature on the 21st of January, 1842, ch. 48, sec. 6, enacted, “that in all. indictments for offences against the 39th section of the act of 1829,” referred to, “for making fictitious instruments, or buying the same, making or preparing plates to be used in making counterfeits or fictitious instruments, and in all other cases, where, from the nature of the offence, a fraud upon 'the public was intended, but no particular person was intended to be defrauded, it shall be sufficient to charge the offence in the words of the’act.”
The phraseology above quoted, in its enumeration of particulars, cannot be very highly praised for perspicuity. But we understand it to mean, that all the offences .created in tire 39th section, may be indicted in the words of the act. But if it does not thus mean, those offences are comprehended under the general rule laid down in the section' quoted. This indictment must then be sufficiently certain under the act of1842, and must be held good, unless it fall short of doing what the constitution enjoins, namely, giving to the defendant notice of the nature of the charge against him.
*372 We think that this cannot be successfully contended. The facts in this case sufficiently sustain the.finding of the jury, and we perceive no error of the court, either in the admission of testimony or in the charge to the jury; and we, therefore, affirm the judgment.